## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JAY LAVONE LLOYD, #1714794** | § | |
| | § | |
| **V.** | § | **A-15-CV-551 LY** |
| | § | |
| **BRIAN WHITLOCK, and** | § | |
| **3-D AUTO SALES** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
           UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Complaint (Dkt. No. 1), and Plaintiff's Motion for Appointment of Counsel (Dkt. No. 2),[1] both filed on June 24, 2015.  Having completed the review of this case under 28 U.S.C. § 1915(e)(2), the Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  GENERAL BACKGROUND

Jay Lavone Lloyd ("Lloyd") is no stranger to the criminal justice system.  On December 19, 1996, Lloyd was indicted in the Midland/Odessa Division of the Western District of Texas for: conspiracy to possess with intent to distribute a crack cocaine, in violation of 21 U.S.C. § 846 (Count

---

[1] There is no automatic right to the appointment of counsel in a section 1983 case. *Jackson v. Dallas Police Department*, 811 F.2d 260, 261 (5th Cir.1986). Furthermore, a district court is not required to appoint counsel in the absence of "exceptional circumstances," which depend on the type and complexity of the case and the abilities of the individual pursuing that case.  *Id.* at 261. Because Lloyd's Complaint fails to state a claim for relief upon which relief can be granted and he has failed to demonstrate "exceptional circumstances" in this case,  his Motion for Appointment of Counsel (Dkt. No. 2) is **DENIED**.

One); possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841 (Count Two); and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841 (Count Three). *See United States v. Gibson, et al.,* M-96-CR-149. After a jury convicted Lloyd on all three counts, the District Court, on June 12, 1997, sentenced Lloyd to 120 months of imprisonment, and eight years of supervised release. The Fifth Circuit affirmed his sentence and conviction. *See United States v. Gibson, et al.*, 1998 WL 327234 (5th Cir. June 2, 1998), *cert. denied*, 525 U.S. 908 (1998). Lloyd began his term of supervised release on August 12, 2004, and was then transferred to the Austin Division of the Western District of Texas, where Lloyd maintained his permanent residence. *See* Transfer of Jurisdiction, Dkt. No. 1 in A-08-CR-325-SS.

Lloyd has also been convicted for the state charges of possession of a controlled substance, for which he received a 10-year sentence, and trafficking of a person, for which he received a 20-year sentence. *See* Texas Department of Criminal Justice Offender Information Details. Lloyd is currently incarcerated in the Gib Lewis Unit, Woodville, Texas, and has a projected release date of December 17, 2018.

On June 24, 2015, Lloyd filed the instant civil rights lawsuit against 3-D Auto Sales and Brian Whitlock. On July 13, 2015, the Court granted Lloyd's Application for Leave to Proceed In Forma Pauperis, pursuant to 28 U.S.C. § 1915(b)(1). *See* Dkt. No. 6. Because Lloyd has been granted leave to proceed *in forma pauperis*, the Court is required by Standing Order to review his Complaint under 28 U.S.C. §1915(e)(2)(B) to determine whether it should be dismissed because it is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune.

## II.  Review under § 1915(e)(2)

**A.      Standard of Review**

Section 1915(e)(2)(B) provides that a court shall dismiss an *in forma pauperis* complaint at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983).  In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass

others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**B.     Lloyd's Complaint**

The instant lawsuit stems out of Lloyd's April 2009 purchase of a 2006 Cadillac CTS automobile from 3-D Auto Sales ("3-D"), a used car dealership located in Austin, Texas. Lloyd alleges that he made a $2,800 down payment on the car and financed the remaining balance through a retail installment sales contract where he agreed to make $500 monthly installment payments to 3-D. Lloyd alleges that Brian Whitlock ("Whitlock"), the owner of 3-D Auto Sales, assured him that the car was "in good condition" and was under a limited warranty. Lloyd alleges that one month after he purchased the car, it broke down. Lloyd contends that after 3-D refused to repair the car, he stopped making his $500 monthly payments on the vehicle and moved to Lubbock, Texas. Shortly thereafter, Lloyd says he was arrested for blocking the repossession of the vehicle.[2]

Lloyd filed this lawsuit against 3-D and Whitlock, alleging that Defendants sold him a "lemon" in violation of his Fourteenth Amendment rights to due process and equal protection of the laws. Although Lloyd does not cite to the Civil Rights Act, 42 U.S.C. § 1983, in his Complaint, he attempts to invoke this Court's federal question jurisdiction under 28 U.S.C. § 1331, and specifically cites to 28 U.S.C.§ 1343(a)(3), the jurisdictional counterpart to § 1983. Thus, Lloyd is attempting to allege that this Court has subject matter jurisdiction under § 1983. Lloyd, however, has failed to state a claim for relief under § 1983, as there was no state action involved in the underlying dispute, and as he has failed to state a viable constitutional claim.

---

[2]Travis County charged Lloyd with hindering a secured creditor, in violation of Section 32.33 of the Texas Penal Code. This charge is still pending.

4

### 1.     No State Actor

Section 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any state or territory or the District of Columbia, subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof for the deprivation of any rights, privileges, immunities secured by the Constitution and laws shall be liable to the party injured. . . ."  42 U.S.C. § 1983.  "The purpose of § 1983 is to deter *state actors* from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (emphasis added).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed *by a person acting under color of state law.*" *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added; citation omitted).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

A private person may be amenable to suit only when the person is a willful participant in joint action with the State or its agents.  *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).  To prevail on a §1983 conspiracy claim against an otherwise private party, the plaintiff must allege and prove an agreement between the private party and persons acting under color of state law to commit an illegal act and an actual deprivation of the plaintiff's constitutional rights in furtherance of that agreement. *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995). 3-D is a private automobile dealership and Brian Whitlock is a private citizen.  Accordingly, neither defendant is a state actor in this case.  Lloyd does

not a allege there has been a conspiracy with the state to violate his constitutional rights.  As such, Plaintiff has failed to state a § 1983 claim upon which relief may be granted.

### 2.        No alleged violation of a constitutional right

Lloyd's Complaint also fails to allege a viable § 1983 claim for relief because he has failed to allege a violation of his constitutional rights in this case.  In order to have a viable claim under Section 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States.   *West*, 487 U.S. at 48.  A claim that the Defendants sold him a "lemon," violated a warranty or breached a contract fails to allege a violation of a constitutional right.  *See Humphrey v. Stokes*, 2006 WL 2051667, at * 2 (W.D. La. May 15, 2006) (plaintiff who sued car dealership alleging negligence and deceptive business practices failed to allege a violation of a constitutional right and thus failed to allege a § 1983 claim). *See also, Levitt v. University of Texas at El Paso*, 759 F.2d 1224, 1230 (5th Cir.) *cert. denied*, 474 U.S. 1034 (1985) (failure to follow regulations "may constitute a breach of contract or violation of state law, but unless the conduct violated constitutional rights, there is no constitutional claim").  Instead of a violation of a constitutional right, Lloyd's allegations at best would only amount to a potential breach of contract, breach of warranty or Deceptive Trade Practices claim under Texas state law.  *See Lewis v. Marina Bay Trucks, Inc.*, 2007 WL 900785 (Tex. App.-Houston [14 Dist.], 2007) (describing claims for breach of warranty, contract, Texas DTPA).  Such state law claims, however, must be filed in Texas state court.

And even if the Court construed Lloyd's Complaint to allege such state law claims, it would recommend that the District Court decline to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(c)(3), as there is no federal claim involved here.  *See Carnegie–Mellon*

*Univ. v. Cohill*, 484 U.S. 343, 351(1988) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."). A district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Based upon the foregoing, Lloyds' Complaint fails to allege a viable claim for relief under § 1983 and his lawsuit should be dismissed under 28 U.S.C. § 1915(e)(2).

## III. RECOMMENDATION

The Magistrate Court **RECOMMENDS** the District Court **DISMISS** Jay Lavone Lloyd's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Magistrate Court **FURTHER RECOMMENDS** that the District Court decline to exercise supplemental jurisdiction over any potential state law claims alleged in the Complaint and dismiss such claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).   The Court **FURTHER  RECOMMENDS** that the District Court **DENY** all other pending motions and requests for relief.

## IV. WARNING

The parties may file objections to this Report and Recommendation.   A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c);  *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of August, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE